## In re HERMAN.

(Supreme Court, Appellate Division, Second Department. January 9, 1900.)

MANDAMUS—WHEN WRIT SHOULD ISSUE.

> When, on the papers in a case, a writ of mandamus should be granted against city officers to compel them to cause bonds to be issued and sold to pay for land taken in proceedings to open and improve a street, but the city, by reason of mandamus, is likely to be placed in an embarrassing position on account of doubtful validity of such bonds and of the street opening and improvement proceedings, and the question of such validity will probably be decided in another case within 60 days, a writ should not issue immediately, but should be ordered to issue after the expiration of the 60 days.

Appeal from special term, Westchester county.

Application, on relation of Morris S. Herman, for a peremptory mandamus against the common council of the city of Yonkers and others. From an order granting the writ, the defendants appeal. Modified.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, JJ.

James M. Hunt, for appellants.
Joseph F. Daly, for respondent.

WILLARD BARTLETT, J. The record in this case discloses no legal reason why the respondent should not have his writ of mandamus. In Re Ludlow St., however, which we have decided at the present term (62 N. Y. Supp. 42), it appears that a serious objection

exists to the validity of the street-opening proceeding on the part of the New York Central & Hudson River Railroad Company, which that corporation has not yet been in a position to raise in such a manner as to obtain a judicial determination thereon. If the proceeding should hereafter be adjudged invalid at the instance of the railroad company, upon an application to set it aside or otherwise, the city of Yonkers would be placed in an embarrassing situation in case assessment bonds for the improvement had already been issued and sold. While an order for a mandamus must be upheld on the papers here before us, we think the direction that the writ issue immediately should be changed so as to direct that it issue 60 days after the date of our decision, with leave to the city of Yonkers to apply to reopen the application, and oppose it on new papers, in case the street-opening proceeding shall in the meantime be set aside.

Order modified accordingly, and as modified affirmed, with $10 costs and disbursements to the respondent. All concur.